FILED

FEB 22 2024

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | INFORMATION |
| Plaintiff, ) ) | |
| v. ) ) | CASE NO. 1:24 CR 00060 |
| TSZ CHUN XIE, ) ) | Title 18, United States Code, Section 1956(h) |
| Defendant. ) | JUDGE BOYKO |

## GENERAL ALLEGATIONS

At all times relevant to this Information, unless otherwise specified:

1. Defendant TSZ CHUN XIE, a citizen of the People's Republic of China, was present in the United Staes on an F-1 Visa and resided in California.

2. Victim 1 was a real person, known to the United States Attorney, and resided in or around Wellington, Ohio, in the Northern District of Ohio, Eastern Division. Victim 1 was an "elder" as defined in Title 42, United States Code, Section 1397j(5) because Victim 1 was 60 or more years old.

3. A "phantom hacker scam" ("PHS") was a type of fraud scheme that generally obtained funds and other things of value from victims by means of material misrepresentations using the following steps:

   a. A perpetrator posing as a customer service employee at a company or bank contacts a victim (typically an elder) and falsely claims the victim's account with the company or bank has been compromised, such as a hacking event. The purported customer

service employee refers the victim, directly or indirectly, to another perpetrator posing as a law enforcement agent, with the purported goal of law enforcement assisting the victim in avoiding or mitigating the effects of the account compromise.

b. The purported law enforcement agent discusses the incident with the victim, validating the false story that the purported customer service employee had told the victim and also telling the victim to move the victim's funds to purported third-party or government accounts represented as accounts that are secure, where the funds would be safe from the purported hackers.

c. The purported law enforcement agent coordinates the transfer of the victim's funds to the purported secure accounts, which in fact are accounts controlled by PHS participants, and which are used to convert the funds to the PHS participants' benefit, or otherwise transferring currency or things of value to PHS participants, without the victim's knowledge or consent. These transfers take a variety of forms, including the victim taking the following actions: (i) initiating direct bank transfers from victim's accounts to purported secure accounts; (ii) withdrawing currency that is handed over to PHS participants for purported deposit into the secure accounts; and (iii) using funds to acquire things of value that are handed over, or otherwise transferred, to PHS participants purportedly to be converted into funds to be deposited in secure accounts or otherwise secured for the victim.

## COUNT 1
(Money Laundering Conspiracy, 18 U.S.C. § 1956(h))

The United States Attorney charges:

4. The factual allegations contained in Paragraphs 1 through 3 are re-alleged and incorporated as though fully set forth herein.

5. From in or around March 2023 through on or about August 23, 2023, in the

Northern District of Ohio, Eastern Division, and elsewhere, Defendant TSZ CHUN XIE knowingly and intentionally combined, conspired, and agreed with at least one or more persons to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, Wire Fraud in violation of Title 18, United States Code, Section 1343, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## Manner and Means of the Conspiracy

6. The manner and means by which Defendant his co-conspirators carried out the conspiracy included, but were not limited to, the following:

   a. Defendant and his co-conspirators engaged in PHS fraud schemes targeted at individuals across the United States.

   b. Defendant, as directed by a co-conspirator, obtained proceeds of the PHS fraud schemes directly from the victims, traveling to meet with victims at or near their homes, including by flying to nearby airports and then using ride-share services to travel to designated locations, where Defendant would meet with victims and pick up U.S. currency provided by victims for the purported purpose of securing the funds.

   c. Defendants and other co-conspirators communicated with one another through in-person meetings, mobile application messaging, and other means in order to coordinate their activities and work together to launder funds obtained through PHS fraud

3

schemes, arranging to transport and transfer U.S. currency proceeds in order to obscure the origins of the funds obtained from victims while concealing the co-conspirators' control and ownership of the funds.

      d.      Defendant, acting as a courier of the U.S. currency proceeds, traveled from meeting with victims, by flight and car, to deliver the currency to other co-conspirators for further laundering, while concealing the source of the funds.

### Acts in Furtherance of the Conspiracy

7.      In furtherance of the above conspiracy, and to effect its objects and conceal the existence thereof, Defendant and other co-conspirators performed acts in the Northern District of Ohio and elsewhere, including, but not limited to, the following:

      a.      On or about August 22, 2023, Defendant, at the direction of a co-conspirator, traveled via airplane from Ontario, California to Charlotte, North Carolina on his way to Cleveland, Ohio.

      b.      On or about August 23, 2023, Defendant, traveled via airplane from Charlotte, North Carolina to Cleveland, Ohio.

      c.      After arriving in Cleveland, Defendant, at the direction of a co-conspirator, traveled via a rideshare service to Victim 1's residence.

      d.      After arriving at Victim 1's residence, Defendant met with Victim 1 and received from Victim 1 a wrapped package containing what Defendant believed was $26,000 in

cash, which Defendant began to transport from Victim 1 to a co-conspirator.

All in violation of Title 18, United States Code, Section 1956(h).

REBECCA C. LUTZKO
United States Attorney

By: *[signature]*

ELLIOT MORRISON, Chief
White Collar Crimes Unit